I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 6/17/2011

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKIE PACHECO, | Case No. CV 10-4273-CAS (RNB) |
| Petitioner, | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; AND DENYING PETITIONER'S STAY-AND-ABEYANCE REQUEST |
| vs. | |
| T.E. BUSBE, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). Objections to the Report and Recommendation ("Objs.") have been filed by petitioner.

Petitioner's objections are directed inter alia to the Magistrate Judge's rejection of the insufficiency of the evidence claim alleged in Ground 2 of the Petition ("Pet."). Specifically, petitioner had alleged that, absent the gang expert's testimony, there was insufficient evidence to support the street gang enhancement allegation that the jury found true with regard to all six counts for which petitioner was convicted. (See Pet. at ¶ 7.b; Pet. Attachment at 32-34.) Based on its conclusion that the gang evidence (including the gang expert testimony) had not been improperly admitted, the California Court of Appeal had reasoned on direct appeal that it was unnecessary to

1

address petitioner's insufficiency of the evidence argument. (See respondent's Notice of Lodging, Lodged Document ["Lodged Doc."] No. 5 at 12.) In his ensuing Petition for Review to the California Supreme Court, petitioner did not dispute that the rejection of his evidentiary error claim directed to the admission of the gang evidence was dispositive of his insufficiency of the evidence claim. (See Lodged Doc. No. 6.)

In his Report and Recommendation, the Magistrate Judge found and concluded that the California courts' rejection of petitioner's insufficiency of the evidence claim neither was contrary to nor involved an unreasonable application of clearly established Supreme Court law. (See R&R at 16-17.) In a footnote (see R&R at 16 n.7), the Magistrate Judge also noted that, to the extent that petitioner appeared to be contending for the first time in his Traverse ("Trav.") that the evidence was insufficient to support the street gang enhancement even with the admission of the gang expert testimony (see Trav. at 11-12), he was declining to consider such claim because it was unexhausted and 28 U.S.C. § 2254(b) precluded a federal court from granting habeas relief with respect to an unexhausted claim. See also Cacoperdo v. Demosthenes, 37 F.3d 504, 507-08 (9th Cir. 1994) ("A Traverse is not the proper pleading to raise additional grounds for relief."), cert. denied, 514 U.S. 1026 (1995).

In his objections to the Report and Recommendation, petitioner does not concede that this claim is unexhausted. (See Objs. at 5-6.) He is mistaken. In his Petition for Review, petitioner asserted that the California Court of Appeal opinion "did not address appellant's argument that absent the gang evidence there was insufficient evidence to support the gang enhancements." (See Lodged Doc. No. 6 at 27.) He further asserted that, "[a]bsent this 'expert' opinion, the fact that one gang member commits a crime with two other unidentified people when nothing is said or done that is gang related, does not constitute sufficient evidence that the offenses were committed for the benefit of, at the direction of, or its [sic] association with a gang." (See id. at 28.)

However, petitioner further appears to be requesting that, if the claim indeed

is unexhausted, this case be stayed and held in abeyance while petitioner exhausts his state remedies with respect to this unexhausted claim. (See Objs. at 6, 7.)

Under Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." In Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), the Ninth Circuit held that "good cause" for the failure to exhaust first in state court entails a showing less stringent than "extraordinary circumstances." However, as the Ninth Circuit subsequently explained in Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 129 S. Ct. 2771 (2009):

> "[W]e must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.' Id. at 661. We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."

Here, petitioner has not even purported to make the requisite showing for why he filed the Petition herein without first exhausting his claim that the evidence was insufficient to support the street gang enhancement even with the admission of the gang expert testimony. See also, e.g., Hernandez v. California, 2010 WL 1854416, *2-*3 (N.D. Cal. May 6, 2010) (concluding that limited education, lack of legal assistance, and routine restrictions on law library access were insufficient to satisfy the Rhines good cause requirement); Hamilton v. Clark, 2010 WL 530111, *2 (E.D. Cal. Feb. 9, 2010) ("Ignorance of the law and limited access to a law library are common among pro se prisoners and do not constitute good cause for failure to

exhaust."); Barno v. Hernandez, 2009 WL 2448435, *6-*7 (S.D. Cal. Apr. 17, 2009) (limited library access, and lack of legal knowledge and literacy do not establish good cause); Smith v. Giurbino, 2008 WL 80983, *2 (S.D. Cal. Jan. 7, 2008) (holding that "lack of legal knowledge and self-representation do not, in and of themselves, constitute good cause"); Calvert v. Daniels, 2006 WL 2527639, *2 (E.D. Wash. Aug. 28, 2006) ("The Court finds that the mere fact that a petitioner is acting pro se or lacks knowledge of the law does not establish 'good cause' under Rhines."); Riseley v. Warden, Pleasant Valley State Prison, 2006 WL 1652657, at *2 n.3 (E.D. Cal. June 14, 2006) ("The mere fact that a petitioner is pro se or lacks knowledge of the law is insufficient to satisfy the cause prong."), Report and Recommendation adopted by 2007 WL 703699 (E.D. Cal. Mar. 5, 2007); Stephanski v. Superintendent of Upstate Correctional Facility, 433 F. Supp. 2d 273, 279-80 (W.D.N.Y. 2006) (holding Rhines "good cause" requirement not satisfied where petitioner alleging that the "good cause" for his failure to exhaust his claims in state court was that he "is a layman, has no legal training, a limited education with poor comprehension skills, and limited access to legal materials or persons trained to provide adequate legal assistance").

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and accepts the findings and recommendation of the Magistrate Judge.

IT THEREFORE IS ORDERED that petitioner's request that this case be stayed and held in abeyance while petitioner exhausts his state remedies with respect to his unexhausted insufficiency of the evidence claim is denied; and that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: 6/16/11

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE